IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-448-FL
No. 5:15-CV-527-FL

| | |
|---|---|
| PATRICIA FLANIGAN, also known as ) <br> PATRICIA GRIFFIETH FLANIGAN ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FAYETTEVILLE STATE UNIVERSITY, ) <br> ) <br> Defendant. ) | ORDER |

This matter is before the court on defendant's motions to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(6). (No. 5:15-CV-448-FL, "Case I," DE 8; and No. 5:15-CV-527-FL, "Case II," DE 11). Plaintiff has responded in opposition, and additionally, moves to amend the complaints in both No. 5:15-CV-448-FL ("Case I") and No. 5:15-CV-527-FL ("Case II"). (Case I, DE 17; Case II, DE 18). Additionally, plaintiff has moved for default judgment pursuant to Federal Rule of Civil Procedure 55 in Case II. (Case II, DE 8). The issues have been briefed fully, and in this posture, the matter is ripe for ruling. For the reasons stated below, the court denies plaintiff's motions, and grants defendant's motions to dismiss in both cases.

**STATEMENT OF THE CASE**

Prior to the instant matters, plaintiff, proceeding pro se, first raised claims of racial discrimination against defendant in this court on February 21, 2014, alleging defendant had subjected her to "different terms and conditions of employment" since 2010, in violation of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Flanigan v. Fayetteville State University, et al, No. 5:14-CV-102-FL. The court dismissed the action for failure to state a claim upon which relief can be granted on December 11, 2014.

On September 3, 2015, plaintiff, proceeding pro se, initiated the instant Case I in this court, on the basis of federal question jurisdiction, alleging racial discrimination amounting to a hostile work environment, and retaliation by defendant, in violation of Title VII. On October 27, 2015, defendant moved to dismiss for failure to state a claim. On October 29, 2015, plaintiff retained counsel in Case I, and on November 17, 2015, plaintiff, through counsel, filed a response in opposition to dismissal, and a motion to amend the complaint. Defendant replied on November 23, 2015.

Plaintiff, proceeding pro se, initiated Case II in this court on October 6, 2015, again alleging a racially discriminatory, hostile work environment, and retaliation, in violation of Title VII. On December 2, 2015, plaintiff moved for default judgment. Defendant moved to dismiss the complaint in Case II for failure to state a claim, and filed a memorandum in opposition of default judgment on December 7, 2015, supplemented by exhibits on December 8, 2015. Plaintiff, without counsel, responded in opposition to defendant's motion to dismiss, and moved to amend the complaint on December 31, 2015. Defendant replied on January 11, 2016.

**STATEMENT OF THE FACTS**

Plaintiff is an African American female, who has been employed by defendant since 1988, as a library technician. Since March 2008, plaintiff has been supervised by Ms. Jinong Sun (hereinafter "supervisor"), an Asian female. Plaintiff has two co-workers, in addition to her supervisor, and plaintiff identifies these individuals as either Asian or Hispanic. In September 2013,

2

plaintiff filed a charge of racial discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"), and on February 21, 2014, plaintiff filed a charge of retaliation with the EEOC. On March 6, 2014, she filed a charge of retaliation with the North Carolina Office of Administrative Hearings ("NCOAH").

On December 3, 2013, plaintiff's supervisor began emailing plaintiff on a daily basis accusing plaintiff of job infractions. On undetermined dates, the supervisor refused to approve a leave form for plaintiff and told plaintiff she was unprofessional in her telephone conduct. On April 2, 2014, plaintiff was singled out by her supervisor during a department meeting about an error plaintiff had made. On an unspecified date, plaintiff's performance rating dropped from "Very Good" to "Good." Plaintiff contends that the other non-African American employees were not subject to the treatment outlined above. Further, on April 7, 2015, plaintiff contends that certain charges she made to the NCOAH were discussed among the other employees. Plaintiff received "Notice of Right to Sue" letters from the EEOC on June 3, 2015, and July 6, 2015.

## DISCUSSION

A.   Motion for Default Judgment

As an initial matter, although defendant appeared in Case I, defendant made no appearance in Case II until December 7, 2015. Plaintiff moved for default judgment on December 2, 2015, pursuant to Federal Rule of Civil Procedure 55, without providing further briefing. In response, defendant argues that plaintiff never properly served defendant, and in any event, plaintiff included a request for waiver of service within her complaint. Defendant contends that had it been properly served, it would have consented to the waiver of service. Accordingly, defendant argues that its motion to dismiss in Case II properly was filed within the 60 days allowed after a waiver of service.

3

Due to the nature of plaintiff's duplicate filings in Cases I and II, good cause for defendant's delay in Case II has been shown, and plaintiff's motion for default judgment is denied.

B.  Motions to Dismiss

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). The complaint of a pro se litigant[1] must be liberally construed, but this requirement for lenient construal does not undermine the proposition that a pleading must contain more than conclusory allegations. Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (citing Twombly, 550 U.S. at 555).

2.  Analysis

The allegations alleged by plaintiff in both complaints arise under the same circumstances of employment, during the same period of time, and amount to identical claims of hostile work

---

[1] Plaintiff retained counsel in Case I on October 29, 2015, but plaintiff is unrepresented in Case II.

4

environment based on race and retaliation for protected activity. Accordingly, the court addresses plaintiff's allegations in unified discussion in this order. Considering all facts alleged together, plaintiff fails to state a claim upon which relief can be granted.

a.   Hostile Work Environment

To demonstrate racial discrimination in the form of a hostile work environment, plaintiff must show that the offending conduct was: 1) unwelcome; 2) because of her race; 3) sufficiently severe or pervasive enough to alter the conditions of her employment and create an abusive work environment; and 4) imputable to her employer. Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011). Plaintiff is unable to satisfy the second or third elements.

i.   Because of Race

Plaintiff does not plead any facts demonstrating that the supervisor's conduct is because of plaintiff's race. Plaintiff argues, in a conclusory manner, that she is subject to treatment by her Asian supervisor that the other two employees, identified racially as Asian or Hispanic by plaintiff, do not receive. The facts as provided by plaintiff, however, do not create the presumption that, "but for" her race, plaintiff would not have received supervisor criticism. See Hartsell v. Duplex Products, Inc., 123 F.3d 766, 772 (4th Cir. 1997) ("An insulting or demeaning remark does not create a federal cause of action for . . . harassment merely because the 'victim' of the remark happens to belong to a class protected by Title VII.").

Plaintiff does not contend that the employment-related criticisms leveled at her by her supervisor were unwarranted, or, that her two co-workers committed similar errors and infractions. The supervisor's refusal to sign a leave form for plaintiff on a single occasion does not imply racial causation either. Plaintiff does not allege that her supervisor ever has referred, directly, or

5

indirectly, to plaintiff's race when issuing work-related criticisms. Plaintiff's complaints fail to demonstrate that the treatment creating the purported hostile work environment is because of her race.

ii. Sufficiently Severe and Pervasive

In determining whether a working environment has become objectively hostile in violation of Title VII, the court looks at several factors, including: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or merely offensive; and whether it interferes unreasonably with plaintiff's work performance. Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993). Title VII is not a "general civility code," and "conduct must be extreme to amount to a change in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).

Accepting the facts in the light most favorable to plaintiff, the mere fact that plaintiff finds her supervisor difficult to work with does not generate liability for hostile work environment. See Hartsell, 123 F.3d at 773-74 ("Title VII does not guarantee a happy workplace, only one free from unlawful discrimination."). Plaintiff continues in her employment with defendant, having worked in the same position with defendant since 1988. She has not suffered depreciation in job performance. A dip on a single performance evaluation from "Very Good" to "Good" is not meaningful, and alone is insufficient to satisfy plaintiff's pleading burden. See Buckner v. Lew, No. 5:13-CV-199-FL, 2014 WL 1118428, *7 (E.D.N.C. Mar. 20, 2014) ("[A]brupt shifts in workload, reassignments, negative reviews, a supervisor's rejection of plaintiff's work product, mandatory meetings with a director, and a supervisor's occasional angry and agitated demeanor, are not sufficiently severe or pervasive"). Accordingly, plaintiff's claims alleging a racially discriminatory,

6

hostile work environment must be dismissed.

      b.      Retaliation

A plaintiff seeking to establish a prima facie case of retaliation must demonstrate direct or indirect evidence of "conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision," or, the plaintiff is subject to the shifting burden framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 577 (4th Cir. 2015); see also Foster v. Univ. of Maryland-Eastern Shore, 787 F.3d 243, 249-51 (4th Cir. 2015). Plaintiff at bar argues that she establishes a prima facie case of retaliation under the McDonnell Douglas framework.

Plaintiff must demonstrate: 1) she engaged in protected activity; 2) defendant subjected plaintiff to a materially adverse employment action; and 3) there was a causal link between the protected activity and the adverse action. Laber v. Harvey, 438 F.3d 404, 432 (4th Cir. 2006). Only if she successfully pleads these elements does the burden shift to defendant to put forth a non-discriminatory reason for the conduct. Id. It is undisputed that plaintiff has engaged in "protected activity," by filing numerous charges with the EEOC, and previously filing suit in this court. Plaintiff, however, is unable to demonstrate the second or third elements necessary to establish a prima facie case of retaliation.

      i.      Materially Adverse Employment Action

To demonstrate that she was subject to a materially adverse employment action, plaintiff must plead facts from which the court may conclude that a reasonable person in plaintiff's position would be dissuaded from making or supporting a charge of discrimination as a result of the action. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). An employee is not immunized

7

from "those petty slights or minor annoyances that often take place at work" because she engages in protected activity, however. Id. "[C]onflicts at work that generate antipathy and snubbing by supervisors" do not rise to the level of materially adverse employment actions, absent further context. Id. (internal quotations and citation omitted).

The instances of conduct by plaintiff's supervisor, as outlined in the statement of the facts, do not rise to the level of materially adverse employment actions. "[R]eprimands and poor performance evaluations occur with some frequency in the workplace," and are "much less likely to involve adverse employment actions than transfers, discharges, or failures to promote." Adams v. Anne Arundel Cnty. Pub. Sch., 789 F.3d 422, 432 (4th Cir. 2015). The conduct pleaded by plaintiff fails to "cross the threshold that courts have traditionally required for a personnel matter to be actionable." See id. (listing cases).

## ii. Causal Link

Plaintiff also must demonstrate a causal link between the alleged retaliatory conduct and the protected activity. A mere temporal proximity between the protected activities and the adverse employment action may be considered in determining whether a causal link exists if the proximity is "very close," but the implication of causation wanes as months pass. See Clark Cnty. School Dist. v. Breeden, 532 U.S. 268, 273-74 (2001).

Plaintiff provides little information concerning the dates the conduct occurred from which the court can conclude that a very close temporal relationship implying causation existed between the protected activity and the conduct. The court is aware, from plaintiff's previous complaint against defendant and plaintiff's supervisor in Flanigan, No. 5:14-CV-102-FL, that plaintiff's interactions with her supervisor are alleged to be part of a years-long feud between the two that

began in 2010. Plaintiff does not demonstrate the kind of close temporal relationship that implies causation.

Plaintiff provides no other evidence of causation. The only other relevant fact pleaded by plaintiff is that her protected activity was "discussed with other employees" on April 7, 2015. (Case II, ¶ 13). Plaintiff does not plead that any of the alleged adverse actions in the instant matter occurred after this discussion. The complaint does not demonstrate that the incidences described by plaintiff were in retaliation for protected activity, and accordingly, plaintiff's retaliation claim must be dismissed for failure to state a claim upon which relief can be granted.

C.   Amending the Complaints

A plaintiff may amend her claims once as a matter of course before the defendant files a responsive pleading. Fed. R. Civ. P 15(a). Once the defendant files a responsive pleading, however, the plaintiff may amend her complaint only by written consent of the defendant, or by leave of the court. Laber, 438 F.3d at 426. Federal Rule of Civil Procedure 15(a) directs that leave "shall be freely given when justice so requires." Justice does not require the court to give plaintiff leave when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. Laber, 438 F.3d at 426. An amendment is futile if it would not survive a motion to dismiss. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

On February 21, 2014, plaintiff filed the first of three complaints against defendant, alleging racial discrimination. Flanigan, No. 5:14-CV-102-FL. The court dismissed the action, as noted above on December 11, 2014. Plaintiff did not move to amend the complaint. Plaintiff then filed the second complaint, in the form of the action Case I presently before this court, on September 3,

9

2015. Plaintiff subsequently filed the third complaint in the action Case II, also presently before this court, on October 6, 2015, despite the pending nature of Case I. All three filings concern plaintiff's ongoing dispute with her supervisor, as outlined in the instant order, but, because the court did not dismiss Flanigan, No. 5:14-CV-102-FL, with prejudice on December 11, 2014, the portions of the racial discrimination claims in Case I and Case II that otherwise would be barred by res judicata are properly before this court. See Goode v. Cent. Virginia Legal Aid Soc'y, 807 F.3d 619, 626 (4th Cir. 2015).

That being said, plaintiff has had sufficient opportunity through the course of three complaints to demonstrate to the court that she is the victim of racial discrimination and retaliation in violation of Title VII. She has failed to do so. With an eye towards liberally construing plaintiff's complaints, the court has analyzed the sparse facts pleaded in Cases I and II together for the purpose of this order. Neither plaintiff, nor plaintiff's counsel, make any argument as to how plaintiff will be able to amend her complaints to overcome the pleading deficiencies set forth herein. Therefore, the "proposed amendment is clearly insufficient or frivolous on its face." See Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986). Plaintiff's motions to amend are denied.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motion for default judgment (Case II, DE 8); DENIES plaintiff's motions to amend (Case I, DE 16; and Case II, DE 18); and GRANTS defendant's motions to dismiss. (Case I, DE 8; and Case II, DE 11). The actions are DISMISSED, and the clerk is DIRECTED to close these cases.

SO ORDERED this the 19th day of January, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge